IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM R. GEMMELL ET AL.,

       Plaintiffs,                              06cv1024

v.                                             **Electronically Filed**

GILL HALL V.F.D., ET AL.,

       Defendants.

**MEMORANDUM ORDER**

Before the Court are defendants' motions to dismiss plaintiffs' second amended complaint (doc. nos. 24 and 26), and plaintiffs' consolidated response in opposition thereto (doc. no. 28).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990). In making this determination, the Court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).

In addition, the Court may consider allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998), *citing Pension Benefit Guar. Corp. v. White Consol.*

*Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."). *See* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Rose v. Bartle*, 871 F.2d 331, 339-340 (3d Cir. 1989) (lease agreement attached to complaint is part of the pleading for all purposes).

Further, as the United States Court of Appeals for the Third Circuit more recently stated in *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 124-25 (3d Cir.1998):

> Just as a pleading must "be construed as to do substantial justice," Fed.R.Civ.P. 8(f), *see also Conley*, [355 U.S. at 47-48], a plaintiff generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 154-162 (2d ed.1990). This is especially so if the material deficiencies in the complaint stem from nothing more than inartful pleading--the precise sort of pleading as a highly developed form of art that the federal rules sought to abandon. *See Conley*, 355 U.S. at 48, 78 S.Ct. 99. Simply put, the complaint will withstand a Fed.R.Civ.P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery.

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiffs will be able to state no set of facts in support of their claims against Gill Hall V.F.D, or the Borough of Jefferson Hills. Accordingly,

**AND NOW, this 5th day of January, 2007,** after due consideration of defendants' motions to dismiss the second amended complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto, **IT IS HEREBY ORDERED** that defendants' motions to dismiss the second amended complaint (Document Nos. 24 and 26) **ARE DENIED** without prejudice to defendants' raising the issues set forth therein in a motion

for summary judgment at the appropriate time following discovery.

                                                                s/Arthur J. Schwab
                                                                Arthur J. Schwab
                                                                United States District Judge

cc:    All counsel of record